Certiorari granted by Supreme Court, June 30, 2015
Vacated and Remanded by Supreme Court, June 30, 2015

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4857**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MAURICE LASHAWN MELVIN, a/k/a Maurice Leshawn Melvin,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cr-00323-F-1)

_____

Submitted:  June 24, 2014           Decided:  July 1, 2014

_____

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Lashawn Melvin pled guilty, pursuant to a written plea agreement, to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). He was sentenced under the Armed Career Criminal Act ("ACCA") to 159 months in prison.[*] The sole claim Melvin raises on appeal is whether the sentencing court erred in determining that his prior North Carolina convictions for conspiracy to commit robbery with a dangerous weapon constitute predicate offenses under the ACCA.

We review de novo a district court's determination of whether prior offenses qualify as violent felonies for purposes of the ACCA. United States v. Hemingway, 734 F.3d 323, 331 (4th Cir. 2013). Melvin does not contest that the substantive North Carolina offense of robbery with a dangerous weapon is a violent felony under the ACCA. Rather, he contends that a conspiracy conviction cannot categorically operate as a predicate felony for ACCA purposes because conspiracy does not require an overt act.

Circuit precedent forecloses Melvin's argument challenging his sentence under the ACCA. See United States v.

_____

[*] He received a downward departure below the mandatory statutory minimum pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2012).

2

White, 571 F.3d 365, 371 (4th Cir. 2009) (holding North Carolina conviction for conspiracy to commit robbery with a dangerous weapon constitutes a predicate violent felony under ACCA). We therefore reject Melvin's claim. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) (noting that a panel of this court cannot explicitly or implicitly overrule circuit precedent established by a prior panel; only the United States Supreme Court or this court sitting en banc may do so).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED