**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4857**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MAURICE LASHAWN MELVIN, a/k/a Maurice Leshawn Melvin,

        Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 14-6510)

Submitted: October 20, 2015      Decided: October 26, 2015

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Lashawn Melvin pled guilty, pursuant to a written plea agreement, to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). He was sentenced under the Armed Career Criminal Act (ACCA) to 159 months in prison. On appeal, Melvin argued that the sentencing court erred in determining that his two prior North Carolina convictions for conspiracy to commit robbery with a dangerous weapon constituted predicate offenses under the ACCA. We rejected the argument because it was foreclosed by this court's decision in United States v. White, 571 F.3d 365, 371 (4th Cir. 2009) (holding North Carolina conviction for conspiracy to commit robbery with a dangerous weapon constitutes a predicate violent felony under ACCA). Accordingly, we affirmed Melvin's sentence. See United States v. Melvin, 577 F. App'x 179 (4th Cir. 2014) (No. 13-4857).

On June 30, 2015, the Supreme Court granted Melvin's petition for a writ of certiorari, vacated the judgment, and remanded to this court for further consideration in light of Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the residual clause of the ACCA—the final clause of § 924(e)(2)(B)(ii) (2012)—is unconstitutionally vague. 135 S. Ct. at 2557 ("[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair

2

notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law.").

Melvin now argues, and the Government concedes, that under Johnson Melvin's conspiracy convictions no longer support his ACCA sentence. Without these convictions, Melvin does not have three predicate offenses to qualify him as an armed career criminal. Accordingly, we grant the Government's unopposed motion to vacate the judgment and remand the case to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

VACATED AND REMANDED

3